The Honorable Pat Flanagin State Representative 935 N. Washington Forrest City, Arkansas 72335-2856
Dear Representative Flanagin:
You have requested an official Attorney General opinion concerning the use of the proceeds from a one cent county sales tax.
You have asked:
 (1) Can the proceeds of a one cent county sales tax that was levied for the purpose of removal and disposal of solid waste be used to defray the cost of road department employees performing certain solid waste management functions, such as cleaning up around dumpsters?
(2) If so, what documentation would the county be required to keep?
RESPONSE
Question 1 — Can the proceeds of a one cent county sales tax that waslevied for the purpose of removal and disposal of solid waste be used todefray the cost of road department employees performing certain solidwaste management functions, such as cleaning up around dumpsters?
It is my opinion that the answer to this question will depend entirely upon the language of the ordinance by which the one cent sales tax was levied and the ballot title by which it was presented to the electorate. The Arkansas Supreme Court has stated:
 [I]t is to the title of the ordinance and the ballot title" that the electors had the right to look to ascertain what they were asked to approve[.]"
Daniel v. Jones, 332 Ark. ___, ___ S.W.2d ___ (April 9, 1998), quotingArkansas-Missouri Power Corp. v. City of Rector, 214 Ark. 649, 654,217 S.W.2d 335, 337 (1949). The court went on to state that "[t]he ballot title is the final word of information and warning to which the electors had the right to look as to just what authority they were asked to confer[.]"
Accordingly, the purpose of the tax, as stated in the ordinance and the ballot title will be determinative of the manner in which the proceeds may be used.
The issue of the use of tax proceeds from a tax levied for a specific purpose is governed by Article 16, § 11 of the Arkansas Constitution. That provisions states:
 No tax shall be levied except in pursuance of law, and every law imposing a tax shall state distinctly the object of the same; and no moneys arising from a tax levied for one purpose shall be used for any other purpose.
Ark. Const., art. 16, § 11; Bell v. Crawford, 287 Ark. 251,697 S.W.2d 910 (1985).
The ordinance by which the one cent sales tax was levied was required to state distinctly the purpose for which the tax was being levied. If the language of that ordinance and of the ballot title stated the purpose of the tax broadly enough to encompass defrayal of the cost of cleaning up around dumpsters, it is my opinion that the tax may be used for that purpose. The language of the ordinance and the ballot title must be reviewed in order to determine whether the tax proceeds may be used in this manner.
Question 2 — If so, what documentation would the county be required tokeep?
It is my opinion that state law does not impose upon counties a specific record-keeping requirement in connection with the collection of sales taxes.
Counties are, of course, bound by the procedures required by the general county accounting laws, codified at A.C.A. § 14-25-101 through -115. The requirements of these statutes, such as the establishment of various designated accounts, are deemed to be sufficient to generate the records necessary to reflect the actual use of tax proceeds. Other than these requirements, state law does not specifically address the manner in which sales tax records must be maintained.
In the absence of state law on this issue, it is my opinion that if counties wish to generate records in addition to those required by the general county accounting laws, they are free to formulate their own record-keeping systems, provided that they are in compliance with all applicable requirements of the general county accounting laws.
I base this conclusion on various sources of law.
First, Amendment 55, § 1 of the Arkansas Constitution provides that counties, acting through their quorum courts, may "exercise local legislative authority not denied by the Constitution or by law." (This general grant of authority is statutorily restated in A.C.A. §14-14-801.) Although the constitution and the statutes do specifically forbid counties from engaging in certain acts, see, e.g., Ark. Const., Am. 55, § 1(b) and A.C.A. § 14-14-702, neither body of law prohibits counties from determining the specific manner in which it will maintain records concerning its sales taxes.
Another statement of the quorum court's general authority that would encompass the power to determine its own system for keeping records of its sales taxes can be found in Amendment 55, § 4 of the Arkansas Constitution, which states: "In addition to other powers conferred by the Constitution and by law, the Quorum Court shall have the power to . . . adopt ordinances necessary for the government of the county."
On the basis of the foregoing state law authorities, I conclude that if counties wish to generate records in addition to those required by the general county accounting laws, they are authorized by state law to formulate their own systems of keeping records concerning their sales taxes.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Suzanne Antley.
Sincerely,
WINSTON BRYANT Attorney General
WB:SBA/cyh